UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NHAN HOANG LE,<br><br>    Petitioner,<br><br> v.<br><br>KELLY HARRINGTON, Warden,<br><br>    Respondents. | 1:09-cv-01737 MJS HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE REMEDIES<br>AND<br>GRANTING LEAVE TO FILE AMENDED PETITION<br>AND<br>DIRECTING CLERK OF COURT TO SEND BLANK § 2254 FORM PETITION |

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition raises claims challenging his 2006 plea for which he is serving a sentence of eighteen years and four months. (Court Doc. 1, p. 3.)

**DISCUSSION**

  Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases.

///

///

A.  Exhaustion of State Remedies:

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly present" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

From review of the instant petition for writ of habeas corpus, it does not appear that Petitioner has presented his claims to the California Supreme Court.   If he has not presented his claims to the California Supreme Court, this Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).

It is possible that Petitioner has presented his claims to the California Supreme Court but simply neglected to inform this Court.   If so, Petitioner must so inform the Court and, if possible, provide the Court with a copy of the petition filed in the California Supreme Court and a copy of any ruling made thereon.

B.  Standard Form for Petitions for Writ of Habeas Corpus:

Petitioner has not used the standard form required for petitions for writs of habeas corpus as required by Rule 4 of the Rules Governing 2254 Cases. (Court Doc. 1.) The court will grant Petitioner leave to amend to use the standard form petition and include all necessary pleadings and attachments. Petitioner is warned that a petition must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)).

///

///

Accordingly, it is HEREBY ORDERED that:

1. Petitioner is ORDERED TO SHOW CAUSE why his petition should not be dismissed for failure to exhaust state remedies and to inform the Court what claims have been presented to the California Supreme Court, all within thirty (30) days of the date of service of this Order;

2. Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT an AMENDED PETITION. The amended petition shall be clearly and boldly titled "SECOND AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury;

3. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254; and,

4. Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that his petition be dismissed.

IT IS SO ORDERED.

Dated: May 27, 2010         /s/ *Michael J. Seng*
                            UNITED STATES MAGISTRATE JUDGE