IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NHAN HOANG LE, | 1:09-cv-01737 MJS (HC) |
| Petitioner, | ORDER GRANTING TRANSFER OF CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA (Doc. 21) |
| vs. | |
| KELLY HARRINGTON, Warden, | ORDER DENYING MOTION FOR DEFAULT JUDGMENT (Doc. 23) |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254.

On September 25, 2009, Petitioner filed the instant petition with the Court. (Pet., ECF No. 1.) On June 23, 2010, Petitioner filed an amended petition with the Court. (Am. Pet., ECF No. 10.) Respondent was ordered to respond to the Petition on August 18, 2010, and did so by way of a motion to transfer the matter to the United States District Court, Central District of California. (Order, Mot. to Transfer, ECF Nos. 12, 21.) On October 27, 2010, Petitioner filed a motion for default judgment based on Respondent's alleged failure to respond to the petition. (Mot. for Default, ECF No. 23.) As described herein, the motion to transfer the petition is GRANTED and the motion for default judgment is DENIED.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

1  defendants reside in the same state, (2) a judicial district in which a substantial part of the
2  events or omissions giving rise to the claim occurred, or a substantial part of the property that
3  is the subject of the action is situated, or (3) a judicial district in which any defendant may be
4  found, if there is no district in which the action may otherwise be brought." 28 U.S.C. §
5  1391(b).

6  However, venue for a habeas action is proper in either the district of confinement or the
7  district of conviction. 28 U.S.C. § 2241(d). The district court for the district wherein such an
8  application is filed in the exercise of its discretion and in furtherance of justice may transfer the
9  application to the other district court for hearing and determination. Id.

10  It is preferable for petitions challenging a conviction or sentence to be heard in the
11  district of conviction while petitions challenging the manner in which the sentence is being
12  executed be heard in the district of confinement. Dunne v. Henman, 875 F.2d 244, 249 (9th
13  Cir. 1989). In this case, as Respondent correctly notes, Petitioner is challenging the judgment
14  relating to his conviction in Orange County, California. As Orange County is located in the
15  Central District of California, all of the material events, records, and witnesses are located in
16  that district. In the interest of justice, the petition will be transferred to the United States District
17  Court for the Central District of California. 28 U.S.C. §§ 1404(b) and 2241(d).

18  Additionally, Petitioner filed a motion for default judgment based on Respondent's
19  failure to file a response within sixty days of the order to respond. In this case, Respondent
20  filed the instant motion to transfer the matter within the time provided to respond. As
21  Respondent filed an appropriate response, there is no basis for the motion for default
22  judgment.

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to transfer the matter to the United States District Court for the Central District of California is GRANTED.
2. Petitioner's Motion for default judgment is DENIED.

IT IS SO ORDERED.

Dated:   November 24, 2010         /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE